Jorge Alfredo Giron RODAS;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–72412.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 19, 2007.

Jorge Alfredo Giron Rodas, Huntington Park, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

MEMORANDUM **

Petitioners challenge a Board of Immigration Appeals' ("BIA") order denying their motion to reopen.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002) (BIA's denial of a motion to reopen is reviewed for abuse of discretion). The BIA's final administrative order of removal was issued on May 7, 2004. Petitioners filed their motion to reopen on December 19, 2006, more than 90 days after the date on which the BIA rendered its final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Accordingly, we summarily deny the petition in part. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent that petitioners seek review of the BIA's decision not to exercise its authority to reopen sua sponte, the court lacks jurisdiction to review the BIA's discretionary decision. *See Ekimian v. INS,* 303 F.3d 1153, 1160 (9th Cir.2002).

To the extent that petitioners challenge the BIA's determination that petitioners failed to show that their removal would result in exceptional and hardship to their children, respondent's motion to dismiss is granted in part. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006).

All other pending motions are denied as moot.

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.